**W. Martin HASKELL, Plaintiff,**

v.

**WASHINGTON TOWNSHIP, et al., Defendants.**

**No. C–3–83–240.**

United States District Court, S.D. Ohio, W.D.

July 11, 1985.

---

John A. Cumming, Atty. at Law, Dayton, Ohio, Roy Lucas, Fairfax, Va., for plaintiff.

John R. Koverman, Dayton, Ohio, for defendants.

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DECISION AND ENTRY OVERRULING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

RICE, District Judge.

In this action, the Plaintiff, a medical doctor, challenges the constitutionality of Washington Township Resolution # 81–248 and seeks damages for actions undertaken by the Defendants herein which allegedly deprived the Plaintiff of equal protection and due process. In a prior Decision, this Court concluded that Plaintiff does not have standing to challenge the constitutionality of Resolution # 81–248, 588 F.Supp. 528 (1984).[1] *See* Doc. # 31. This cause is now before the Court on Plaintiff's Motion for Partial Summary Judgment (Doc. # 15) and Defendants' Motion for Partial Summary Judgment (Doc. # 36).[2]

These motions address Plaintiff's allegations that actions taken by the Defendants prior to the adoption of Resolution # 81–248 violated Plaintiff's rights to equal protection and due process. *See* Plaintiff's First Amended Complaint (Doc. # 40) at ¶ 53. Briefly stated, these contentions involve Plaintiff's allegation that the Defendants discriminatorily applied the Washington Township zoning resolution parking space requirements in order to prevent Plaintiff from opening a medical facility in the Paragon Office Building at which Plaintiff planned to perform abortions and other medical services.

---

1. Resolution # 81–248 limits providing abortion services to areas zoned B-3. Plaintiff alleges in his First Amended Complaint (Doc. # 40) that physicians providing other medical services are not limited to areas zoned B-3.

2. The two motions for partial summary judgment were directed at Plaintiff's Complaint (Doc. # 1) rather than Plaintiff's First Amended Complaint (Doc. # 40). However, Plaintiff's First Amended Complaint differs from his Complaint only in that the First Amended Complaint contains allegations intended to show that the Plaintiff has standing to challenge the constitutionality of Resolution # 81–248. Therefore, the Court deems it appropriate to rule on the motions for partial summary judgment.

Two other motions are presently pending herein. Plaintiff's Renewed Motion for Partial Summary Judgment (Doc. # 41) and Plaintiff's Motion for Preliminary Injunction (Doc. # 29). Both of these motions address Plaintiff's claim that Resolution # 81–248 is unconstitutional. The renewed motion for summary judgment is not at issue. Plaintiff's motion for injunctive relief is dependent upon the grant of the renewed motion for summary judgment; therefore, this motion for a preliminary injunction is also not at issue.

■ In his Motion for Partial Summary Judgment (Doc. # 15), Plaintiff seeks partial summary judgment on his claim that the Defendants deprived him of procedural due process when the Washington Township Trustees adopted a resolution on October 18, 1981. The resolution provides, in pertinent part:

RESOLVED, that William F. Falknor, Attorney at Law, be and he is hereby employed as legal counsel, and is authorized to secure and assemble the needed factual information; to prepare the appropriate legal papers, and to proceed with the initiation of legal proceedings in the Common Pleas Court of Montgomery County, Ohio, against the owner of the [Paragon Office Building] to enjoin it from violating the off-street parking provisions of the Washington Township Zoning Resolution.

The Court will accept for the sake of argument that Plaintiff, as a lessee, had a protectible property interest and that in adopting the above quoted resolution, the Defendants failed to afford Plaintiff minimal due process by not providing Plaintiff notice and an opportunity to be heard. Nonetheless, the Plaintiff's request for summary judgment is fatally flawed. In no way does the Plaintiff explain to the Court, nor is the Court able to deduce, how the Defendants' action *deprived* Plaintiff of property. In other words, the Court cannot conceive of what incident of ownership Plaintiff had prior to the adoption of the above quoted resolution that he did not have thereafter. The ownership of an interest in property has been described as a bundle of rights. Plaintiff has failed to explain to this Court how the adoption of the above quoted resolution diminished his bundle of rights.

Furthermore, property interests are created and their dimensions defined by state law. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiff does not argue that his interest in property created by state encompassed the right to be free from the threat that township authorities would retain counsel to investigate possible violations of zoning regulations and to enjoin those that are discovered. Certainly, if this was part of Plaintiff's property interest, he would have suffered a deprivation of property. However, under state law, township officials are authorized to do just as they have done. *See* Ohio Rev.Code § 519.24. Therefore, Ohio has negatively defined Plaintiff's property interest as not including what he "lost."

Based on the foregoing, the Court concludes that Plaintiff has not demonstrated that he is entitled to judgment as a matter of law on his claim based on a deprivation of procedural due process because he has not established that the Defendants deprived him of a property interest created by state law. Accordingly, the Court hereby overrules Plaintiff's Motion for Partial Summary Judgment (Doc. # 15).

■ Defendants have also moved for partial summary judgment, *see* Doc. # 36, in opposition to which Plaintiff has declined to file a memorandum. In this motion, Defendants contend, for a number of reasons, that Plaintiff's claim of discriminatory application of the zoning ordinance is without merit. However, only one of these reasons is addressed in their memorandum. Therefore, the Court will address that contention alone.

Defendants argue that the question of whether they discriminatorily applied the township zoning ordinance does not raise a genuine issue of fact. Defendants contend that they did not apply the township zoning resolution in a discriminatory fashion and that, consequently, they are entitled to judgment as a matter of law.

The Court does not agree. Defendants' evidence (the affidavit of Walter Buchanan and exhibits attached thereto, and the deposition of Frank McGee) establishes at most that there were insufficient parking spaces at the Paragon Office Building. The Defendants do not address the basic thrust of Plaintiff's complaint that the zoning ordinance was applied against him in a discriminatory manner because he planned to perform abortions at the Paragon Office

Building. It is hornbook law that a government may not apply a facially neutral statute in a discriminatory fashion so as to deprive a person of equal protection of the laws. *See, e.g., Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

Accordingly, the Court hereby overrules Defendants' Motion for Partial Summary Judgment (Doc. # 36).